THE STATE, ON THE PROSECUTION OF THE CAMDEN AND BURLINGTON RAILROAD COMPANY, v. FRANKLIN COOK, COLLECTOR OF TAXES, &c.

By an act of sixth of February, 1866, the Burlington County Railroad Company, and the Horse Railroad company from Camden to Mount Holly, were consolidated under the name of the Camden and Burlington Railroad Company. The ninth section of the act provides that "whenever the net earnings of said consolidated company shall, over expenses and interest, amount to six per cent. per annum, the said company shall pay to the treasurer a tax of one-half of one per cent. upon the cost of said road, to be paid annually, and such other state tax as may be assessed from time to time, by a general law, applicable to all railroads over which the legislature shall have power, for that purpose, at the time of the passage of such law or laws." The company having been taxed upon its capital stock, amounting to two hundred and twenty thousand six hundred and four dollars, and upon its real estate, valued at seven thousand dollars, and there having been no such general law passed as contemplated in said section, it was held, that according to a just construction of the said ninth section, the assessment was unconstitutional, and should be set aside.

*Certiorari.*   In matter of taxation.

Argued before Justices ELMER, BEDLE, and DALRIMPLE, by—

*Mr. Merritt* and *Mr. Wilson,* for the prosecutors, and by

*Mr. F. Voorhees,* for the township.

The opinion of the court was delivered by

ELMER, J.   The Burlington and Mount Holly railroad and transportation company was incorporated in 1848, (*Sess. Acts, p.* 23,) and was exempt from ordinary taxation. In 1857, (*Sess. Acts, p.* 400,) this company was authorized to extend its road to Pemberton, and the name was changed to the Burlington County Railroad Company, and there being

no provisions in the new charter exempting the company from taxes, it was afterwards annually taxed, agreeably to the existing tax laws, as from time to time enacted. In 1859, (*Sess. Acts, p.* 400,) a horse railroad company, from Camden to Mount Holly, was incorporated, which contained a provision exempting it from ordinary taxation. By an act, approved February 6th, 1866, (*Sess. Acts, p.* 15,) these two last mentioned roads were authorized to be consolidated, and the horse railroad changed to use steam, the new company to be called the Camden and Burlington Railroad Company. This act was accepted by the stockholders of the two companies thus consolidated, and the required certificate filed May 2d, 1866. The ninth section provides that a statement of the actual cost of the road shall be filed in the office of the secretary of state, and that " whenever the net earnings of said consolidated company shall, over expenses and interest, amount to six per centum per annum upon its capital stock, the said company shall pay to the treasurer of the state a tax of one-half of one per centum upon the cost of said road, to be paid annually, and such other state tax as may be assessed from time to time, by a general law applicable to all railroads over which the legislature shall have power, for that purpose, at the time of the passage of such law or laws."

The existing company having been taxed by the assessor of the township of Northampton, in which its principal office is situate, upon its capital stock, amounting to two hundred and twenty thousand six hundred and four dollars, and upon its real estate in said township, valued at seven thousand dollars, the question submitted to us is, whether it is liable to these taxes.

It is plain, I think, that the liability of the company to taxation depends entirely on the true construction of the section of the charter of 1866, before quoted. This section makes an entirely new provision respecting the taxes to be paid, differing from those contained in the original charters, and although it does not, in terms, exempt the new company

from the payment of any taxes, yet, I think, the fair impli-
cation is that such, and such only, are to be paid as are here
specified.   Such was the decision of the Supreme Court of
Pennsylvania, in a somewhat similar case, *The N. Y. & Erie
R. R. Co.* v. *Sabin*, 26 *Penn. R.* 242.

It was insisted by the counsel of the company, that the
phrase "such other state tax," referred exclusively to a tax
assessed for state purposes.   But, in my opinion, taxes for
county and township purposes are state taxes, as was held in
the case of *Camden & Amboy R. R. Co.* v. *Hillegas*, 3 *Harr.*
13.   The case of *The State* v. *Flavel*, 4 *Zab.* 370, did not
overrule that decision, but held only that an exemption which
expressly distinguished between state and county taxes must
be interpreted otherwise.

The tax in question was intended to be assessed in pur-
suance of the fifteenth section of the tax law of 1866, (*Sess.
Acts, p.* 1084,) which enacts "that all private corporations
of this state, except banking institutions, and except those
which by virtue of any contract in their charters, or other
contracts with the state, are expressly exempted from taxa-
tion, shall be and hereby are required to be taxed at the full
amount of their capital stock paid in, and accumulated sur-
plus."   This is not "a general law applicable to all railroads
over which the legislature had power for that purpose."   It
imposes no tax upon any railroad whose charter expressly
exempts it from taxation, as was held by this court in the case
of *The State* v. *Pancoast*, decided at the last term.

The case of *The State* v. *Miller*, 1 *Vroom* 368, which was
affirmed by the Court of Errors, and other cases of a like
character, established the doctrine that the legislature had
power to tax all railroads, whatever exemption might be
contained in their charters, which, by reason of an express
provision to that effect, or by reason of the laws authorizing
them having been passed since 1846, were liable to have
their charters repealed or altered.

There is undoubtedly much force in the argument of the
counsel for the township, that inasmuch as it cannot be

said that the Camden and Burlington Railroad is *expressly* exempted from taxation, the fifteenth section of the tax law, by necessary implication, repeals the provision relating to taxation contained in the ninth section of its new charter. But the repealing section of this tax law (*Acts* 1866, *p.* 1091, § 32) expressly excepts " such special or local acts as shall have been approved since the year eighteen hundred and sixty-four." This is equivalent to an express legislative declaration that the ninth section of the charter of 1866, shall remain in full force, in no wise repealed or altered. It follows that since there is no law applicable to all railroads over which the legislature has power for that purpose, authorizing a state tax to be assessed against them, the tax law of 1866 authorizes no tax to be assessed against this road, and the taxes brought before us by this *certiorari* must be set aside.

AFFIRMED in part, 4 *Vroom* 474.